IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMI BREEDEN                                                    PLAINTIFF

        v.                            CIVIL NO. 13-5244

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                 DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Tami Breeden, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provision of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The application for DIB presently before this Court was protectively filed on May 7, 2007, alleging an inability to work since November 1, 2006, due to a back problem, hepatitis C, a heart problem, migraines, post traumatic stress disorder (PTSD), panic attacks, depression, and arthritis in the hands.  (Tr. 223, 247, 314).  An administrative hearing was held on May 15, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 36-61).

In a written decision dated December 14, 2009, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 90-98). On May 12, 2011, the Appeals Council remanded Plaintiff's case back to the ALJ for further review.  (Tr.

104-108).  The Appeals Council further noted that Plaintiff had filed subsequent DIB and SSI applications on February 22, 2010, which were to be associated with the applications already under review. (Tr. 107).  In Plaintiff's subsequent applications, she alleged an inability to work due to back problems, hepatitis C, heart problems, and anxiety.  (Tr. 361).

On April 19, 2012, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified.  (Tr. 62-84).  Plaintiff, through her counsel, amended her alleged onset date to April 30, 2007.  (Tr. 14, 67).  For DIB purposes, Plaintiff maintained insured status through December 31, 2012.  (Tr. 265).

By written decision dated May 25, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe.  (Tr. 17).  Specifically, the ALJ found Plaintiff had the following severe impairments: lumbar spine degenerative disc disease; headaches; osteoarthritis in the hands/wrists; hepatitis C; major depressive disorder and/or bipolar II disorder; anxiety disorder; pain disorder associated with both psychological factors and a general medical condition, chronic; and a personality disorder.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 17).  The ALJ found Plaintiff retained the RFC to:

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, sit six hours and stand/walk two hours.  In addition, she can frequently handle and finger, and she can occasionally climb, balance, crawl, kneel, stoop and crouch. Further, she can understand, remember and carry out simple, routine and repetitive tasks, respond to usual work situations and occasionally interact with supervisors, coworkers and the general public.

(Tr. 19).  With the help of vocational expert testimony, the ALJ found Plaintiff could perform work as a lamp shade assembler, a machine zipper trimmer, a copy examiner, a nut sorter, a tile

-2-

table worker, and an escort vehicle driver. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 24, 2013.  (Tr. 1-6).  Plaintiff now seeks judicial review of that decision.  (Doc. 1).  Both parties filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties.  (Doc. 7; Doc. 12; Doc. 13).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least

one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff did not meet Listing 1.04A; 2) the ALJ failed to evaluate the medical opinions correctly; 3) the ALJ erred in discrediting Plaintiff's subjective complaints; and 4) the ALJ's decision is not based on substantial evidence.

-4-

### A.    Evaluation of the Listed Impairment 1.04A:

The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004).   "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment").

The Court finds, based upon the record as a whole, as well as the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff did not meet a Listing.

### B.    RFC Assessment and Treating and Examining Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).   Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

-5-

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court further notes that in determining Plaintiff could perform sedentary work with limitations, the ALJ specifically discussed the relevant medical records, the medical opinions of non-examining medical professionals, and the medical opinions of treating and examining medical professionals including, Drs. John Kendrick, C.R. Magness., and Terry L. Efird, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). With regard to the November 20, 2007, and April 20, 2010, opinions of Dr. Kendrick, the ALJ specifically

-6-

addressed these opinions and found Dr. Kendrick's findings to be inconsistent with his own medical records and the medical evidence as a whole.  Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (finding ALJ correctly discounted a physician's assessment report when his treatment notes contradicted the report).  In the most recent assessment, Dr. Kendrick indicated that Plaintiff suffered from migraines, chronic low back pain that radiated down the left leg and foot, and constant left foot numbness that caused Plaintiff trouble with performing activities of daily living.  A review of Dr. Kendrick's treatment notes indicate that Plaintiff's musculoskeletal and extremity examinations were essentially normal numerous times during the relevant time period.   The record also revealed that Plaintiff had a normal gait and denied motor weakness or sensory problems on numerous occasions during the relevant time period.  While there were occasions noted when Plaintiff reported some trouble with performing activities of daily living, the Court points out that on some of these occasions Plaintiff had been drinking alcohol or had smoked marijuana prior to seeking treatment.   The record revealed that Plaintiff more consistently reported the ability to perform activities of daily living independently during the relevant time period.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

## C.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may

AO72A
(Rev. 8/82)

not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record revealed that in November of 2007, Plaintiff reported that she could help with some household chores; that she could take care of her personal needs; that she could help prepare simple meals; and that she could shop in stores.  (Tr. 298-305).  In March of 2010, Plaintiff reported she was able to take care of her personal needs; to prepare simple meals; to do some household chores; to drive sometimes; and to read and watch television daily.  (Tr. 372-379).  Throughout the relevant time period, Plaintiff reported that she was able to perform activities of daily living independently.  Plaintiff also reported increased back pain after riding a four-wheeler in March of 2010, and in November of 2011, Plaintiff reported that she enjoyed singing at her church and riding motorcycles.  (Tr. 2686, 2915).  In May of 2010, Dr. Efird noted that Plaintiff indicated that she was able to drive unfamiliar routes; to shop independently; to handle personal finances; to perform activities of daily living adequately but noted pain at times; to attend church; and to visit friends, and go on dates occasionally.  (Tr. 2535).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does

-8-

not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

      **D.**     **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a lamp shade assembler, a machine zipper trimmer, a copy examiner, a nut sorter, a tile table worker, and an escort vehicle driver, during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 6th day of February, 2015.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)